MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENT, v. LEWIS P. HUBER, COLLECTOR, ETC., APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, which delivered the following *per curiam* opinion, on *certiorari*, to an assessment for taxation of the pipe line of the Jersey City water-supply:

"*Per curiam:* The assessment by the borough of Secaucus upon the pipe line is illegal. The statute (*Comp. Stat., p.* 5084, 4d) authorizes the taxation of real estate without regard to any buildings or other improvements on such lands. This was meant to exclude from the valuation the value added by the improvements.

"The statute authorizes the levying of a tax upon the land only of another municipality. 4 *Comp. Stat., p.* 5085.

"It is argued that the laches of the officials of Jersey City in failing to attack these assessments, must result in a denial of the city's claim upon that ground. But the rule is otherwise in the public interest, and the doctrine is settled that the laches of an official, charged with the performance of a public duty, cannot operate to bar the municipality he serves from asserting its legal rights. *Jersey City* v. *North Jersey Street Railway Co.,* 72 *N. J. L.* 383.

"The result is that the assessments for taxes for the years in question must be vacated."

For the appellant, *Harlan Besson.*

For the respondent, *John Milton.*

PER CURIAM.

The judgment should be affirmed, for the reasons stated by the Supreme Court in its *per curiam* opinion.

It is argued here that the land and pipe line are not exclusively used for water to be supplied and used in Jersey City, but that part of the water obtained through it is sold to corporations and individuals outside of the taxing district, and therefore the exemption fails. To this we do not agree.

The aqueduct was not constructed as a business venture but to take care of the present and future needs of the city and its inhabitants. The pipe was made larger than was immediately necessary in order to provide for growth of the city. The sale of water not at present needed is merely incidental, and the fact of such present sale does not negative the use of the land for the purpose of public water-supply and of the accompanying exemption, so long as said land is reasonably needed for the present or reasonably anticipated future supply of Jersey City for purely public purposes. In *Newark* v. *Clinton,* 49 *N. J. L.* 370, there was a separation between the tract used for public purposes and the rest of the land, which is not the condition here.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.